**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| Jesus Hernández, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | Civil Action No. 6:11-cv-00013 |
| *Plaintiffs,* | **PLAINTIFFS' ORIGINAL COMPLAINT** |
| *vs.* | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; United States Department of Justice, | **Jury Trial Demanded on all counts except FTCA** |
| *Defendants.* | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Jesus Hernández and María Guadalupe Güereca Bentacour

(hereinafter "Plaintiffs"), individually as the surviving parents of Sergio Adrián

Hernández Güereca (hereinafter "Decedent," "Sergio"), and as Successors-in-

Interest to the Estate of Sergio Adrián Hernández Güereca, complain and allege as follows:

### PRELIMINARY STATEMENT AND NATURE OF THE CASE

1.      Plaintiffs bring this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680; the Alien Tort Claims Act, 28 U.S.C. § 1350; and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Unknown Named Border Patrol Agent (hereinafter "Agent Doe"), employee of the United States of America, for violation of Plaintiff Decedent's individual constitutional rights guaranteed by the Fourth and Fifth Amendments of the United States Constitution, and the Laws of Nations and treaties of the United States, when Agent Doe, while acting within the course and scope of his employment used unlawful deadly force in shooting and killing Decedent on June 7, 2010, notwithstanding that Decedent was defenseless, was offering no resistance, had no weapon of any kind, and had not nor was threatening Agent Doe, or any third party, with harm, deadly or otherwise.

2.      Defendant the United States of America has waived its sovereign immunity and has consented to be sued pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 1346(b), 2671-2680, and the Alien Tort Claims Act (hereinafter "ATCA"), 28 U.S.C. § 1350.

3.      Plaintiffs plead claims under the FTCA for "injury, loss of property, or personal injury or death caused by the wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable

to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  Plaintiffs plead that, at all times relevant hereto, Defendant Agent Doe was an employee of the United States of America and, while acting within the course and scope of his agency with the United States, Agent Doe maliciously, and/or wrongfully, and/or otherwise tortuously shot Decedent Sergio Adrián Hernández Güereca even though he showed no resistance to Agent Doe's demands, thereby causing Sergio Adrián Hernández Güereca's untimely death.  Although the FTCA generally exempts from liability intentional torts, including assault and battery, that exception does not apply to actions arising out of the commission of such torts by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h).

4.     In the alternative, Plaintiffs plead under the FTCA that Agent Doe negligently shot Decedent Sergio Adrián Hernández Güereca even though he showed no resistance to Agent Doe's demands, thereby causing Sergio Adrián Hernández Güereca's untimely death.  Agent Doe negligently, wrongfully, and tortuously caused the wrongful death of Decedent Sergio Adrián Hernández Güereca.  This claim is for all forms of negligence and wrongful conduct in the broadest terms allowed for torts of an investigative or law enforcement officer of a United States agency in causing the death of another.

5.     Plaintiffs also bring this FTCA claim against Defendant the United States of America for the negligence of its employees within the following United States Agencies: United States Department of Homeland Security; United States Border Patrol; United States Customs and Border Protection; and United States

Immigration and Customs Enforcement Agency; and any and all of its employees for negligently supervising, training, and retaining Agent Doe.

6.     In the alternative, Plaintiffs bring this claim under the Alien Tort Claims Act, 28 U.S.C. § 1350, for the violation of Decedent's rights under the Laws of Nations and the treaties of the United States.

7.     At all times relevant hereto, Defendant the United States of America, is a sovereign governmental entity, which has been engaged in, among other things, controlling access into its sovereign territory, and preventing entry ·of undocumented individuals.  Defendant the United States of America, performs these activities by and through its agencies, Defendants the United States Border Patrol, the United States Department of Homeland Security, the United States Bureau of Customs and Border Protection, and/or the United States Department of Justice, an agency of the United States, acting within the course and scope of their employment with the United States of America.  United States Border Patrol Agent, Agent Doe, is sued in his individual capacity for violations of Decedent's rights guaranteed by the Fourth and Fifth Amendments to the United States Constitution.

8.     Defendant Agent Doe was, and is, an investigative or law enforcement officer as defined in 28 U.S.C. § 2680(h) of Defendants United States Bureau of Customs and Border Protection, United States Border Patrol, and/or the United States Immigration and Customs Enforcement Service, a subdivision of the United States Department of Homeland Security, an agency of the United States, and was acting within the course and scope of his employment with the United

States of America and other Defendants.    Defendant Agent Doe was an

employee of Defendant the United States of America and the other Defendants.

9.      Plaintiff will effectuate service of process on Defendants, pursuant to Fed.

R. Civ. P. 4(i)(2), by sending a copy of this summons and Complaint via certified

mail, return receipt requested, to the following persons and entities, which may

be served by serving:

    (1)    The United States of America:

        (a)    Vernell Everett
            Civil Process Clerk
            Office of the United States Attorney,
            Western District of Texas
            601 N.W. Loop 410
            Suite 600
            San Antonio, Texas 78216-5597

        (b)    United States Attorney General
            U.S. Department of Justice
            950 Pennsylvania Avenue, N.W.
            Washington, D.C., 20530

    (2)    Unknown Named Agent of the United States of America:

        (a)    Vernell Everett
            Civil Process Clerk
             Office of the United States Attorney,
            Western District of Texas
            601 N.W. Loop 410
            Suite 600
            San Antonio, Texas 78216-5597

        (b)    United States Attorney General
            U.S. Department of Justice
            950 Pennsylvania Avenue, N.W.
            Washington, D.C., 20530

        (c)    United States Customs and Border Protection
            Office of the Chief Counsel
            1300 Pennsylvania Avenue, N.W.
            Washington, D.C., 20229

    (d)     Office of the General Counsel
              U.S. Department of Homeland Security
              Washington, D.C., 20528

    (e)     Office of the Principal Legal Advisor
              Immigration and Customs Enforcement
              U.S. Department of Homeland Security
              500 12th Street S.W.
              Washington, D.C., 20024

(3)    United States Department of Homeland Security:

    (a)     Vernell Everett
              Civil Process Clerk
              Office of the United States Attorney,
              Western District of Texas
              601 N.W. Loop 410
              Suite 600
              San Antonio, Texas 78216-5597

    (b)     United States Attorney General
              U.S. Department of Justice
              950 Pennsylvania Avenue, N.W.
              Washington, D.C., 20530

    (c)     Office of the General Counsel
               U.S. Department of Homeland Security
              Washington, D.C., 20528

(4)    United States Bureau of Customs and Border Protection:

    (a)     Vernell Everett
              Civil Process Clerk
               Office of the United States Attorney,
               Western District of Texas
              601 N.W. Loop 410
              Suite 600
              San Antonio, Texas 78216-5597

    (b)     United States Attorney General
               U.S. Department of Justice
               950 Pennsylvania Avenue, N.W.
              Washington, D.C., 20530

    (c)     United States Customs and Border Protection
              Office of the Chief Counsel

1300 Pennsylvania Avenue, N.W.
Washington, D.C., 20229

(d)     Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

(5)     United States Border Patrol:

(a)     Vernell Everett
Civil Process Clerk
Office of the United States Attorney,
Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

(b)     United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

(c)     United States Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Avenue, N.W.
Washington, D.C., 20229

(d)     Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

(6)     United States Immigration and Customs Enforcement Agency

(a)     Vernell Everett
Civil Process Clerk
Office of the United States Attorney,
Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

(b)     United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

    (c)    Office of the General Counsel
           U.S. Department of Homeland Security
           Washington, D.C., 20528

    (d)    Office of the Principal Legal Advisor
           Immigration and Customs Enforcement
           U.S. Department of Homeland Security
           500 12th Street S.W.
           Washington, D.C., 20024

(7)    United States Department of Justice

    (a)    Vernell Everett
           Civil Process Clerk
           Office of the United States Attorney,
           Western District of Texas
           601 N.W. Loop 410
           Suite 600
           San Antonio, Texas 78216-5597

    (b)    United States Attorney General
           U.S. Department of Justice
           950 Pennsylvania Avenue, N.W.
           Washington, D.C., 20530

## JURISDICTION

10.    The jurisdiction of this Court, as to the Plaintiffs' claim against Defendant

the United States of America pursuant to the FTCA, is based upon 28 U.S.C. §§

1436(b) and 2671-2680.   Jesus Hernández and María Guadalupe Güereca

Bentacour filed an administrative claim for damages against the United States

Department of Homeland Security on behalf of Decedent on June 23, 2010.  A

copy of said claim is attached hereto as "Exhibit A."  Defendant the United States

of America denied Plaintiffs' claim on November 30, 2010.  A copy of said denial

is attached hereto as "Exhibit B."  This Complaint, filed within six months of the

United States' denial, is timely.

11.    The jurisdiction of this Court, as to the Plaintiffs' claim against Defendant

the United States of America pursuant to the ATCA is based upon 28 U.S.C. § 1350. Plaintiffs have exhausted their administrative remedies and this Complaint is properly before this Court.

12.      The jurisdiction of this Court, as to the Plaintiffs' claim against Agent Doe in his individual capacity for violation of Decedent's constitutional rights is based on 28 U.S.C. § 1331, 1332 and 1367(a), *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny.

**VENUE**

13.      As more fully set forth herein, Plaintiffs contend that Agent Doe's acts occurred on the United States' side of the Rio Grande River in El Paso, Texas, in El Paso County, located on the border of the United States and Ciudad Juárez, Mexico.  To the extent that the acts and occurrences forming the basis of this Complaint occurred in El Paso, Texas, jurisdiction is invoked by 28 U.S.C. §§ 1391(a)-(e); and 28 U.S.C. § 1402(b).

14.      Alternatively, to the extent that the acts and occurrences forming the basis of this Complaint occurred in the Territory of Mexico, jurisdiction is invoked by 28 U.S.C. § 1350.

**CONDITIONS PRECEDENT**

15.      All conditions precedent have been satisfied prior to filing this suit.

**PARTIES**

16.      At all times relevant hereto, Plaintiff Jesus Hernández was, and now is, a citizen of the Republic of Mexico.

17.      At all times relevant hereto, Plaintiff María Guadalupe Güereca Bentacour

9

was, and now is, a citizen of the Republic of Mexico.

18.     At all times relevant hereto, Decedent Sergio Adrián Hernández Güereca was a citizen of the Republic of Mexico.

19.     At all times relevant hereto, Plaintiff Jesus Hernández individually as the surviving father of Decedent, and as Successor-in-Interest to the Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the Decedent's pain and suffering.

20.     At all times relevant hereto, Plaintiff María Guadalupe Güereca Bentacour individually as the surviving mother of Decedent, and as Successor-in-Interest to the Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the Decedent's pain and suffering.

21.     At all times relevant hereto, Defendant Agent Doe was, and is, an investigative or law enforcement officer as defined in 28 U.S.C. § 2680(h) of the United States Customs and Border Protection, the United States Border Patrol, and/or the Immigration and Customs Enforcement Service, an agency of the United States, acting within the course and scope of his employment with the United States of America.

22.     Plaintiffs believe and thereupon allege that, at all times relevant hereto, the United States Customs and Border Protection was, and is, a subdivision of the United States Department of Homeland Security—a United States Federal Governmental entity with headquarters in Washington, D.C., and various branch

offices throughout the country including this judicial district.

23.     Plaintiffs believe and thereupon allege that, at all times relevant hereto, Agent Doe was acting within the course and scope of his employment with the Defendant the United States of America and other Defendants on June 7, 2010, when Decedent was wrongfully shot to death.

### GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

24.     Monday, June 7, 2010 reached a high of 109 degrees in El Paso, Texas. Sergio Adrián Hernández Güereca was spending the last few minutes of the day together with his friends in the all-but-dry cement culvert separating the sister countries of Mexico and the United States. Similar to the Native American Indian game "counting coup," Sergio and his friends would physically run up and touch the barbed-wire United States high fence, and then scamper back down the incline. They had no interest in entering the United States. Rather, in a scene as old as time, a group of young boys were simply ending their day laughing and playing under the gathering clouds of a evening summer thunderstorm, before heading back home for dinner and bed.

25.     Suddenly, a United States border agent emerged on his bicycle and detained one of the individuals, dragging the young boy along the concrete. Sergio retreated and stood still beneath the pillars of the Paso del Norte Bridge, observing the agent.  The US border agent agent then stopped, pointed his weapon across the border, seemingly taking careful aim, and squeezed the trigger at least twice, fatally wounding Sergio with at least one gunshot wound to the face. Sergio, who had been standing safely and legally on his native soil of

Mexico, unarmed and unthreatening, lay dead on his back in his blue jeans and sneakers. He was fifteen years old.

26.     More US border agents arrived on scene, the shooter picked up his bicycle, and then they all left.   No one took any action to render emergency medical aid to Sergio, leaving him dead or dying beneath Paso del Norte Bridge in the Territory of Mexico.   Shortly thereafter, Mexican police arrived on scene and pronounced Sergio dead.

27.     Almost immediately, FBI spokeswoman Andrea Simmons, prior to discovering the existence of a disturbing video depicting much of the event, issued a false and reprehensible cover-up statement:

> "This agent, who had the second subject detained on the ground, gave verbal commands to the remaining subjects to stop and retreat. However, the subjects surrounded the agent and continued to throw rocks at him.  The agent then fired his service weapon several times, striking one subject who later died."

28.     This litigation arises from the acts and omissions of the named and unnamed Defendants acting in concert in their individual capacities, as appropriately pled herein.

29.     Plaintiffs further contend that Defendants are individually, jointly, and severally liable for those violations of Decedent's constitutional rights, referenced above and below, in that Defendants have:

(1)     tolerated, condoned, and encouraged a pattern of brutality and use of excessive force by members of the United States Border Patrol, the United States Bureau of Customs and Border Protection, and/or the United States Immigration and Customs Enforcement Service

12

against citizens from Mexico and Central or South America;

(2)     systematically failed to properly and adequately monitor and investigate such incidents and to supervise and discipline the officers involved;

(3)     created an environment and culture in which officers and agents are encouraged to shield the misconduct of fellow officers, whereby officers and agents believe they can violate without legal consequence and with impunity the rights of persons such as Decedent;

(4)     inadequately trained officers and agents regarding the proper restraint and use of firearms as weapons; and

(5)     inadequately elected, trained, monitored, and supervised officers and agents.

**FIRST CLAIM FOR RELIEF:**
**WRONGFUL DEATH/SURVIVAL PURSUANT TO THE FEDERAL TORT CLAIMS ACT**
**BASED ON BATTERY**

30.     Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 30.

31.     This claim for relief is brought on behalf of the Decedent, Sergio Adrián Hernández Güereca, when Agent Doe, while acting within the course and scope of his employment used unlawful, excessive deadly force in shooting and killing Decedent on June 7, 2010, notwithstanding that Decedent was defenseless, was offering no resistance, had no weapon of any kind, and had not nor was threatening Agent Doe, or any third party, with harm, deadly or otherwise.

32.    Plaintiffs allege that, at all times relevant hereto, Defendant Agent Doe was acting under color of law as an employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.   In such capacity, Agent Doe used excessive deadly force and intentionally shot Decedent on June 7, 2010, while in the course and scope of his employment as an investigative and law enforcement officer acting within the course and scope of his employment with the Defendant the United States of America.   Plaintiffs allege that Agent Doe, while acting under color of law during performance of his law enforcement functions, had a duty to refrain from the use of excessive force in attempting to effectuate the arrest of Decedent.   In shooting Decedent under such circumstances, Agent Doe perpetuated a nonconsensual touching of Decedent's body, which resulted in Decedent's death.

33.    As a direct and proximate result of the wrongful acts and omissions of Agent Doe, while in the course and scope of his employment with Defendant the United States of America, Decedent suffered fatal injuries for which Plaintiffs now complain.   Plaintiffs allege that such acts and omissions fall within the purview of 28 U.S.C. § 2671, et. seq.

34.    As a direct and proximate result of the actions of Defendant the United States of America's employee Agent Doe, Plaintiffs have suffered the loss of love, aid, comfort, and society of Decedent, who was a devoted son, funeral and burial expenses, and Decedent suffered conscious pain and suffering, loss of value of life to himself and any and all other damages allowed under the FTCA

for which Plaintiffs seek compensatory damages against Defendant the United States of America.

### SECOND CLAIM FOR RELIEF:
#### WRONGFUL DEATH/SURVIVAL PURSUANT TO THE FEDERAL TORT CLAIMS ACT BASED ON NEGLIGENCE

35.    Plaintiffs repeat and incorporate above paragraphs 1 through 34 inclusive, as though fully set forth in this paragraph 35.

36.    On June 7, 2010, Agent Doe had a duty, while acting within the course and scope of his employment with Defendant the United States of America, to not cause personal injury or death through his own wrongful or negligent act or omission.  Agent Doe further had a duty to act with due care including, but not limited to, following appropriate policies and procedures and to not allow a situation to develop in which he would, through lack of due care, cause the death of another human being.

37.    Agent Doe, negligently or otherwise, breached this duty of care on June 7, 2010 when he placed himself in a position such as to wrongly and unjustifiable use excessive deadly force and discharge a firearm at Decedent, resulting in Decedent's death.  Agent Doe was negligent in causing the death of Decedent, and his negligence or other wrongful conduct of Agent Doe resulted in the death of Decedent and gives rise to a cause of action under the FTCA, 28 U.S.C. § 2671, et. seq.  At all times relevant herein, Agent Doe should have maintained appropriate precautions such as to not discharge his firearm and cause the death of Decedent.  Agent Doe breached these duties when he negligently or otherwise used excessive deadly force and wrongfully shot Decedent, causing Decedent's

untimely death.

38.     As a direct and proximate result of the actions of Agent Doe, Plaintiffs have suffered the loss of love, aid, comfort, and society of Decedent, who was a devoted son, funeral and burial expenses, and Decedent himself suffered conscious pain and suffering, loss of value of life to himself and any and all other damages allowed under the FTCA for which Plaintiffs seek compensatory damages against Defendant the United States of America.

### THIRD CLAIM FOR RELIEF:
### VIOLATION OF FEDERAL TORT CLAIMS ACT BY DEFENDANT AGENT DOE

39.     Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 39.

40.     Plaintiffs allege that, at all times relevant hereto, Defendant Agent Doe was acting under color of law as an employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.   In such capacity, Defendant Agent Doe shot Decedent while attempting to arrest him in El Paso for suspected illegal entry into the United States.

41.     Plaintiffs allege that, while acting under color of law during the performance of his law enforcement functions, Defendant Agent Doe had a duty to refrain from the use of excessive force, including but not limited to deadly force, in effecting the arrest of Plaintiff.  In breach of that duty, Defendant Agent Doe shot Decedent.

42.     As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for

which Plaintiffs now complain.  Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

### FOURTH CLAIM FOR RELIEF:
#### VIOLATION OF FEDERAL TORT CLAIMS ACT BY OTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR NEGLIGENT ADOPTION OF POLICIES VIOLATING DECEDENT'S CONSTITUTIONAL RIGHTS

43.    Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 43.

44.    Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

45.    Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service, shot Decedent on June 7, 2010. In shooting Decedent, Defendant Agent Doe violated the prohibitions against the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

46.    Plaintiffs allege that the aforesaid supervisory Defendants had a duty to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.   Said

Defendants breached their duty of care by negligently establishing, promulgating, and enforcing policies and procedures, rules, and regulations regarding the use of deadly force which they knew, or should have known, were unconstitutional and discriminatory. In turn, those policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe being armed with a firearm and authorizing him to use such firearm against Decedent in a discriminatory and unconstitutional manner on June 7, 2010.

47.   As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain. Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

### FIFTH CLAIM FOR RELIEF:
### VIOLATION OF FEDERAL TORT CLAIMS ACT BY THE UNITED STATES OF AMERICA AND OTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR NEGLIGENT FAILURE TO ADOPT POLICIES TO PROTECT DECEDENT'S CONSTITUTIONAL RIGHTS

48.   Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 48.

49.   Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

50.   Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States

Customs and Immigration Enforcement Service, shot Decedent on June 7, 2010. In shooting Decedent, Defendant Agent Doe violated the prohibitions against the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

51.     Plaintiffs allege that the aforesaid supervisory Defendants had a duty of care to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.   Said Defendants breached their duty of care by negligently failing to establish, promulgate, and enforce constitutional and nondiscriminatory policies, procedures, rules, and regulations regarding the use of deadly force.   In turn, the absence of such policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe being armed with a firearm and authorizing him to use such firearm against Decedent in a discriminatory and unconstitutional manner on June 7, 2010.

52.     As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.   Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

### SIXTH CLAIM FOR RELIEF:
### VIOLATION OF FEDERAL TORT CLAIMS ACT BY THE UNITED STATES OF AMERICA AND OTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR INTENTIONAL ADOPTING OF POLICIES VIOLATING DECEDENT'S CONSTITUTIONAL RIGHTS

53.     Plaintiffs repeat and incorporate above paragraphs 1 through 29,

inclusive, as though fully set forth in this paragraph 53.

54.     Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

55.     Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service, shot Decedent on June 7, 2010. In shooting Decedent, Defendant Agent Doe violated the prohibitions against the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

56.     Plaintiffs allege that the aforesaid supervisory Defendants had a duty of care to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.   Said Defendants breached their duty of care by intentionally establishing, promulgating, and enforcing policies, procedures, rules, and regulations regarding the use of deadly force which they knew, or should have known, were unconstitutional and discriminatory.   In turn, those policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe being

armed with a firearm and authorizing him to use such firearm against Decedent in a discriminatory and unconstitutional manner on June 7, 2010.

57.    As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.  Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

### SEVENTH CLAIM FOR RELIEF:
### VIOLATION OF FEDERAL TORT CLAIMS ACT BY THE UNITED STATES OF AMERICA AND OTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR INTENTIONAL FAILURE TO ADOPT POLICIES TO PROTECT DECEDENT'S CONSTITUTIONAL RIGHTS

58.    Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 58.

59.    Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

60.    Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service, shot Decedent on June 7, 2010. In shooting Decedent, Defendant Agent Doe violated the prohibitions against the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

61.    Plaintiffs allege that the aforesaid supervisory Defendants had a duty of

care to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.   Said Defendants breached their duty of care by intentionally failing to establish, promulgate, and enforce policies, procedures, rules, and regulations regarding the use of deadly force.  In turn, the absence of such policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe being armed with a firearm and authorizing him to use such firearm against Decedent in a discriminatory and unconstitutional manner on June 7, 2010.

62.   As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.  Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

### EIGHTH CLAIM FOR RELIEF:
### ADOPTION OF POLICIES THAT VIOLATED DECEDENT'S FOURTH AND FIFTH AMENDMENT RIGHTS

63.   Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 63.

64.   Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

65.    Plaintiffs allege that such supervisorial Defendants, acting in their respective individual capacities, were authorized final policy-makers.   In such capacities, they adopted, acquiesced to, or ratified official customs, policies, procedures, and decisions, including training programs, which they knew, or should have known, were inadequate regarding the use of deadly force. The inadequacy of such official customs, policies, procedures, and decisions, including training programs, directly and proximately caused Defendant Agent Doe to use unreasonable, unconstitutional, and excessive force, i.e. deadly force, in effecting the arrest of Decedent.  The use of such force deprived Decedent of his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure.  The inadequacy of such customs, policies, procedures, and decisions, including training programs, manifested a deliberate indifference to the protection of Decedent's constitutional rights and was the moving force, which resulted in the deprivation of Decedent's constitutional rights.

66.    As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

### NINTH CLAIM FOR RELIEF:
### FAILURE TO ADOPT POLICIES THAT RESULTED IN THE VIOLATION OF DECEDENT'S FOURTH AND FIFTH AMENDMENT RIGHTS

67.    Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 67.

68.    Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official

capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

69.   Plaintiffs allege that such supervisorial Defendants, acting in their respective individual capacities, were authorized final policy-makers who failed to adopt or ratify official customs, policies, procedures, and decisions, including training programs, regarding the use of reasonable force in effecting arrests. Such failure directly and proximately caused Defendant Agent Doe to use unreasonable, unconstitutional, and excessive force, i.e. deadly force, in effecting the arrest of Decedent.  The use of such force deprived Decedent of his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure. The failure to adopt such customs, policies, procedures, and decisions, including training programs, directly and proximately resulted in Decedent being shot by Defendant Agent Doe.  The failure to adopt such customs, policies, procedures, and decisions, including training programs, manifested a deliberate indifference to the protection of Decedent's constitutional rights and was the moving force, which resulted in the deprivation of Decedent's constitutional rights.

70.   As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

### TENTH CLAIM FOR RELIEF:
### VIOLATION OF FOURTH AND FIFTH AMENDMENT RIGHTS BY
### UNNAMED AGENT DOE

71.   Plaintiffs repeat and incorporate above paragraphs 1 through 29,

inclusive, as though fully set forth in this paragraph 71.

72.    Plaintiffs allege that Defendant Agent Doe shot Decedent on June 7, 2010, while acting individually under color of law as an employee of the United States Border Patrol, the United States Bureau of Customs and Border Protection, and/or the United States Immigration and Customs Enforcement Service while attempting to apprehend him in El Paso, Texas on suspicion of illegal entry into the United States.

73.    Plaintiffs allege that in shooting Decedent, Defendant Agent Doe acted unreasonably by using excessive, deadly force against Decedent in violation of the Fourth and Fifth Amendments of the United States Constitution.  At the time of the shooting, Decedent was unarmed and presented no physical threat to Defendant Agent Doe.

74.    Plaintiffs allege that Defendant Agent Doe's shooting of Decedent evidences Defendant Agent Doe's callous disregard for, and deliberate indifference to, Decedent's constitutional rights.

75.    As a direct and proximate result of the acts or omissions of Defendant Agent Doe, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

### ELEVENTH CLAIM FOR RELIEF:
### VIOLATION OF THE ALIEN TORT CLAIMS ACT BY ALL DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES

76.    Plaintiffs repeat and incorporate above paragraphs 1 through 29, inclusive, as though fully set forth in this paragraph 76.

77.    Plaintiffs allege that the acts and omissions of Defendants violate the Alien

Tort Claims Act, 28 U.S.C. § 1350 in that Plaintiff was shot in contravention of international treaties, conventions and the Laws of Nations, including but not limited to, the United Nations Charter; the Treaty of Amity, Commerce, and Navigation; the Treaty of Guadalupe Hidalgo of 1848; the Gadsden Treaty Relating to the Boundaries of 1853; the Inter-American Convention on the Rights and Duties of States; and the Inter-American Convention on the Status of Aliens; and those treaties relating to the friendship, peace, and respect for the Civil Rights of a State's citizens, and the boundaries and the sovereignty between the United States and Mexico.

78.    Specifically, in shooting and killing Decedent while in Mexico, Defendant Agent Doe, acting within the course and scope of his employment as an agent and employee of Defendant the United States of America, violated the Treaty of Amity, Commerce, and Navigation of 1832, between the United States and Mexico, which provides that:

> "There shall be a firm, inviolable and universal peace, and a true and sincere friendship between the United States of America and the United Mexican States in all the extent of their possessions and Territories and between their people and citizens respectively without distinction of persons or places."

79.    In addition, in shooting and killing a Mexican citizen, while that citizen stood on Mexican soil, posing no threat of harm, Defendant Agent Doe, acting within the course and scope of his employment as an agent and employee of Defendant the United States of America, violated the treaties of Peace, Friendship, Limits and Settlement of 1848 (hereinafter "Guadalupe Hidalgo"), the Treaty of Suspension of Hostilities of 1848, and the Gadsden Treaty of 1853,

relating to the friendship, peace and respect for the Civil Rights of their citizens; the establishment of the present national boundaries; the cessation of hostilities; and the respect for sovereignty between the United States and Mexico.

80.    In addition, in shooting and killing a Mexican citizen, while that citizen stood on Mexican soil, posing no threat of harm, Defendant Agent Doe, acting within the course and scope of his employment as an agent and employee of Defendant the United States of America, violated the Inter-American Convention of the Rights and Duties of States of 26 December 1933 (hereinafter "Inter-American Convention").   The Inter-American Convention, to which the United States and Mexico are parties, sets forth the principles governing Member States' respect for the rights of its citizens, the rights of independent States, and the respect and sovereignty of the signatory nations.

(a)    Article Two provides: "The federal state shall constitute a sole person in the eves of international law."

(b)    Article Three provides: "The political existence of the state is independent of recognition by the other states.   Even before recognition the state has the right to defend its integrity and independence . . . ."

(c)    Article Four provides: "States are juridically equal, enjoy the same rights, and have equal capacity in their exercise.   The rights of each one do not depend upon the power which it possesses to assure its exercise, but upon the simple fact of its existence as a person under international law."

(d)     Article Nine provides: "The jurisdiction of states within the limits of national territory applies to all the inhabitants . . . ."

(e)     Article Eleven provides: "The territory of a state is inviolable and may not be the object of military occupation nor of other measures of force imposed by another state directly or indirectly or for any motive whatever even temporarily."

81.     In addition, the United States and the State of Texas have an obligation to provide Decedent equal protection of the laws under the United States Constitution and conventions with Mexico.   The United States has an independent obligation to treat aliens who come to seek redress in Texas courts as United States citizens are treated.  The Convention of American Republics, signed on 20 February 1928, sets forth certain agreed principles between the United States and Mexico.  Article Five of this Convention provides:

> "States should extend to foreigners, domiciled or in transit through their territory, all individual guarantees extended to their own nationals, in the enjoyment of essential civil rights without detriments, as regard to foreigners, to legal provisions governing the scope of and usages for the exercise of said rights and guarantees."

Article Nine of the Convention on the Rights and Duties of States, executed on 26 December 1933, between the United States of America and other American republics, including Mexico, provides: "Nationals and foreigners are under the same protection of the law and the national authorities and the foreigners may not claim rights other or more extensive than those of the nationals."

WHEREFORE, Plaintiffs pray for judgment against all named and unnamed Defendants as follows:

28

A.    Damages as allowed on each Claim for Relief in an amount according to proof at the time of trial;

B.    All together with any interest, pre-and-post judgment, costs and disbursements; and

C.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____

Robert C. Hilliard
State Bar No. 09677700
Federal ID No. 5912
719 S. Shoreline Boulevard
Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015
Email:     bobh@hmglawfirm.com

OF COUNSEL
HILLIARD MUNOZ GONZALES, LLP

**ATTORNEY IN CHARGE FOR PLAINTIFFS, JESUS HERNÁNDEZ, INDIVIDUALLY AND AS THE SURVIVING FATHER OF SERGIO ADRIÁN HERNÁNDEZ GÜERECA, AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF SERGIO ADRIAN HERNÁNDEZ GÜERECA; MARÍA GUADALUPE GÜERECA BENTACOUR INDIVIDUALLY AND AS THE SURVIVING MOTHER OF SERGIO ADRIÁN HERNÁNDEZ GÜERECA, AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF**

**SERGIO ADRIÁN HERNÁNDEZ GÜERECA**



Cristobal Galindo
State Bar No. 24026128
Federal ID No.24026128
41515 Southwest Freeway
Suite 602
Houston, Texas 77027
Phone:          (713) 228-3030
Facsimile:      (713) 228-3003
Email:          cmg@galindolaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

|  |  |  |
|---|---|---|
| Jesus Hernández, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | §§§§§§§§§§§§§ | Civil Action No. 6:11-cv-00013 |
| *Plaintiffs,* | §§§ | **EXHIBIT A** |
| *vs.* | §§§ |  |
| THE UNITED STATES OF AMERICA; Unknown Named Agent of the United States Border of America; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; United States Department of Justice, | §§§§§§§§§§§ |  |
| *Defendants.* | § |  |

**<u>EXHIBIT A</u>**

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROVED OMB NO. 1105-0008** |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)  (Number, Street, City, State and Zip Code) |
|---|---|
| U.S. Department of Homeland Security<br>Office of the General Counsel<br>245 Murray Lane<br>Mailstop 0485<br>Washington, D.C. 20528-0485 | Cristobal M. Galindo, Esq.<br>Cristobal M. Galindo, P.C.<br>4151 Southwest Freeway, STE 602, Houston, TX 77027 |

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY ☒CIVILIAN | 4. DATE OF BIRTH<br>9-29-1994 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>Monday, June 7, 2010 | 7. TIME (A.M. OR P.M.)<br>6:30 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Sergio Adrian Hernandez Guereca, a minor, was shot across the border by a U.S. Border Patrol agent while he was in his home country, Mexico, and unarmed.
Maria Guadalupe Guereca Betancour for loss of consortium, love and affection.
Jesus Hernandez for loss of consortium, love and affection.

| PROPERTY DAMAGE |
|---|
| 9. |

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

| PERSONAL INJURY/WRONGFUL DEATH |
|---|
| 10. |

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Deprivation of life as a result of unreasonable and excessive force.  Loss of consortium damages.

| WITNESSES | |
|---|---|
| 11. | |
| **NAME** | **ADDRESS (Number, Street, City, State, and Zip Code)** |
| See video recordings in possession of border patrol and neighboring businesses. | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $5million(consortium) | $20,000,000.00 | $25,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>713-228-3030 | 14. DATE OF SIGNATURE<br>June 23, 2010 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, and Zip Code).   ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim 'invalid'.

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § | Civil Action No. 6:11-cv-00013 |
| *Plaintiffs,* | § § | **EXHIBIT B** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agent of the United States of America; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; United States Department of Justice, | § § § § § § § § § § | |
| *Defendants.* | § | |

**EXHIBIT B**

1300 Pennsylvania Avenue NW
Washington, DC 20229



**U.S. Customs and
Border Protection**

EP- 2010-00458/PPA
November 30, 2010

*Via Certified U.S. Mail*
*Return Receipt Requested*

Cristobal Galindo, Esq.
C/o Cristobal Galindo, PC
4151 Southwest Freeway
Suite 602
Houston, TX 77027

**Re:    SF-95 Claim for Damage, Injury, or Death
Sergio Adrian Hernandez Guereca (Decedent)**

Dear Mr. Galindo:

U.S. Customs and Border Protection ("CBP" or the "Agency") has received a Standard Form-95 CLAIM FOR DAMAGE, INJURY, OR DEATH ("SF-95") dated June 23, 2010, with attachments, identifying you as the attorney representing Sergio Adrian Hernandez Guereca (the "Decedent"), Maria Guadalupe Guereca Betancour and Jesus Hernandez, in which your clients claim damages in the total amount of $25,000,000.00.

The Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, grants to the head of each Federal Government agency the authority to consider and settle administratively claims for personal injury and property damage caused by a negligent or wrongful act or omission of an employee of the Federal Government while acting within the scope of his employment. As the Agency authority, I have fully considered the facts and circumstances as presented in support of your claim.

On July 6, 2010 and August 12, 2010, the Agency formally requested information from the Claimants in accordance with, *inter alia*, 28 C.F.R. Part 14. Since you failed to provide any documentation substantiating your client's claims, such claims are hereby denied. Further, your client's claims are denied because any damage incurred is not attributable to a negligent or wrongful act or omission of a U.S. Customs and Border Protection, U.S. Border Patrol employee while the employee was acting within the scope of his or her employment.

Under governing regulations, we are required to advise you that if you are dissatisfied with this decision, you may file suit in an appropriate United States District Court not later than six (6) months after the date of this notification.

Sincerely,

Robert M. Lewandowski
Chief of Staff
Office of U.S. Border Patrol

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Jesus Hernandez Güereca, Individually and as the surviving father of Sergio Adrian Hernande t Güereca, and as successor in interest to the estate of Sergio G Adrian Hernandez Güereca, Maria Guadalupe Güereca Bentancour individually and as the surviving mother of Sergio Adrian Hernandez Güereca and as a successor in intrest to the estate of Sergio

**DEFENDANTS** United States of America, UNKNOWN Named Agents of United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs + Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; The United States Department of Justice

(b) County of Residence of First Listed Plaintiff Adrian Hernandez Güereca    (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROBERT C. HILLIARD, HILLIARD MUNOZ GONZALES, LLP
719 SHORELINE BLVD SUITE 500
CORPUS CHRISTI, TX 78401  361.882.1612

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1316, 2671-2680; 28 U.S.C. 1350, Bivens Action, 4th+5th Amend to U.S. constitution
Brief description of cause:
FTCA; Atct;

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 01-17-11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:11-cv-00013 |
| *Plaintiffs,* | | **SUMMONS IN A CIVIL ACTION** |
| *vs.* | | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | | |
| *Defendants.* | | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. No. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____       _____
                                    *Signature of Clerk or Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No. |
| | § | |
| *Plaintiffs,* | § | **SUMMONS** <br> **IN A CIVIL ACTION** |
| | § | |
| *vs.* | § | |
| | § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| *Defendants.* | § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____
                                      Signature of Clerk or Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § | Civil Action No. |
|  | § § § | **SUMMONS** **IN A CIVIL ACTION** |
| *Plaintiffs,* | § § § |  |
| *vs.* | § § § |  |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____

_____
Signature of Clerk or Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No.<br>6:11-cv-00013 |
| *Plaintiffs,* | § § § § | **SUMMONS**<br>**IN A CIVIL ACTION** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:   THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____          _____

                                      *Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Jesus Hernández Güereca, individually
and as the surviving father of Sergio
Adrián Hernández Güereca, and as
Successor-in-Interest to the Estate of
Sergio Adrian Hernández Güereca;
María Guadalupe Güereca Bentacour
individually and as the surviving mother
of Sergio Adrián Hernández Güereca,
and as Successor-in-Interest to the
Estate of Sergio Adrián Hernández
Güereca,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.

**SUMMONS
IN A CIVIL ACTION**

                              *Plaintiffs,*

               *vs.*

THE UNITED STATES OF AMERICA;
Unknown Named Agents of the United
States Border Patrol; United States
Department of Homeland Security;
United States Bureau of Customs and
Border Protection; United States
Border Patrol; United States
Immigration and Customs Enforcement
Agency; and United States Department
of Justice,

                              *Defendants.*

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF
THE UNITED STATES BORDER PATROL; UNITED STATES
DEPARTMENT OF HOMELAND SECURITY; UNITED STATES
BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED
STATES BORDER PATROL; UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES
DEPARTMENT OF JUSTICE:**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____
                                      Signature of Clerk or Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No. |
| *Plaintiffs,* | § § § | **SUMMONS** **IN A CIVIL ACTION** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

U.S. Customs and Border Protection
Officer of the Chief Counsel
1300 Pennsylvania Avenue, N.W.
Washington, D.C., 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day
you received it)—or 60 days if you are the United States or a United States
agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached
complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.
The answer or motion must be served on the plaintiff or the plaintiff's attorney,
whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for
the relief demanded in the complaint.  You must file your answer or motion with
the court.

*CLERK OF COURT*

DATE: _____          _____
                                   *Signature of Clerk or Deputy Clerk*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § | Civil Action No. |
| *Plaintiffs,* | § § § | **SUMMONS** **IN A CIVIL ACTION** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____

_____
Signature of Clerk or Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No.<br>6:11-cv-00013 |
| *Plaintiffs,* | § § § § § | **SUMMONS<br>IN A CIVIL ACTION** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:    THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF
       THE UNITED STATES BORDER PATROL; UNITED STATES
       DEPARTMENT OF HOMELAND SECURITY; UNITED STATES
       BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED
       STATES BORDER PATROL; UNITED STATES IMMIGRATION AND
       CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES
       DEPARTMENT OF JUSTICE:

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____        _____
                                      *Signature of Clerk or Deputy Clerk*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No. |
| *Plaintiffs,* | § § § | **SUMMONS** **IN A CIVIL ACTION** |
| *vs.* | § § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____          _____
                                   *Signature of Clerk or Deputy Clerk*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § | Civil Action No. |
|  | § § | |
| *Plaintiffs,* | § § § | **SUMMONS IN A CIVIL ACTION** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § § § | |
| *Defendants.* | § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

U.S. Customs and Border Protection
Officer of the Chief Counsel
1300 Pennsylvania Avenue, N.W.
Washington, D.C., 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____

_____
Signature of Clerk or Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No. |
|  | § § | **SUMMONS** <br> **IN A CIVIL ACTION** |
| *Plaintiffs,* | § § § |  |
| *vs.* | § § § |  |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § |  |
| *Defendants.* | § § |  |

TO:   THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:

Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____

_____
Signature of Clerk or Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | §§§§§§§§§§§§ | Civil Action No. 6:11-cv-00013 |
| Plaintiffs, | §§§§ | **SUMMONS IN A CIVIL ACTION** |
| vs. | §§§ | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | §§§§§§§§§§§ | |
| Defendants. | §§ | |

TO:  **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____

                                        *Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § | Civil Action No. |
| | § § § | **SUMMONS IN A CIVIL ACTION** |
| *Plaintiffs,* | § § § | |
| *vs.* | § § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| *Defendants.* | § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____
                                 *Signature of Clerk or Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.<br>6:11-cv-00013 |

§

*Plaintiffs,*

*vs.*

**SUMMONS**
**IN A CIVIL ACTION**

THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice,

*Defendants.*

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. No. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____

_____
*Signature of Clerk or Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |
| | §<br>§<br>§ | |
| *Plaintiffs,* | §<br>§<br>§ | **SUMMONS<br>IN A CIVIL ACTION** |
| *vs.* | §<br>§<br>§<br>§ | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | §<br>§ | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. No. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____         _____
                                Signature of Clerk or Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca,<br><br>*Plaintiffs,*<br><br>*vs.*<br><br>THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br><br><br><br><br>__SUMMONS__<br>__IN A CIVIL ACTION__ |

TO:  **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____

Signature of Clerk or Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Adrián Hernández Güereca, | § § § § § § § § § § | Civil Action No. |
| *Plaintiffs,* | § § § | **SUMMONS IN A CIVIL ACTION** |
| *vs.* | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| *Defendants.* | § § § | |

TO:   THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:

Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street S.W.
Washington, D.C., 20024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____
                                  Signature of Clerk or Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:11-cv-00013 |
| *Plaintiffs,* | | **SUMMONS** <br> **IN A CIVIL ACTION** |
| *vs.* | | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | | |
| *Defendants.* | | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____        _____
                                 *Signature of Clerk or Deputy Clerk*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § | Civil Action No. |
|  | § § § § | **SUMMONS IN A CIVIL ACTION** |
| *Plaintiffs,* | § § § § § |  |
| *vs.* | § § § § § |  |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § § § |  |
| *Defendants.* | § § |  |

TO:  THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____        _____
                                     *Signature of Clerk or Deputy Clerk*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

|  |  |  |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No. |
| *Plaintiffs,* | § § § | **SUMMONS** **IN A CIVIL ACTION** |
| *vs.* | § § § |  |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § |  |
| *Defendants.* | § § |  |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

U.S. Customs and Border Protection
Officer of the Chief Counsel
1300 Pennsylvania Avenue, N.W.
Washington, D.C., 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day
you received it)—or 60 days if you are the United States or a United States
agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached
complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.
The answer or motion must be served on the plaintiff or the plaintiff's attorney,
whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for
the relief demanded in the complaint.  You must file your answer or motion with
the court.

CLERK OF COURT

DATE: _____

_____
*Signature of Clerk or Deputy Clerk*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § | Civil Action No. |
| | § § | **SUMMONS<br>IN A CIVIL ACTION** |
| _Plaintiffs,_ | § § | |
| _vs._ | § § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § § | |
| _Defendants._ | § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____
                                 Signature of Clerk or Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Adrián Hernández Güereca, | § § § § § § § § § § | Civil Action No. |
| _Plaintiffs,_ | § § | **SUMMONS** **IN A CIVIL ACTION** |
| _vs._ | § § § | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | § § § § § § § § § § | |
| _Defendants._ | § § § § | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street S.W.
Washington, D.C., 20024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You must file your answer or motion with the court.

CLERK OF COURT

DATE: _____          _____
                                        Signature of Clerk or Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:11-cv-00013 |

                              *Plaintiffs,*

                    *vs.*

THE UNITED STATES OF AMERICA;
Unknown Named Agents of the United
States Border Patrol; United States
Department of Homeland Security;
United States Bureau of Customs and
Border Protection; United States
Border Patrol; United States
Immigration and Customs Enforcement
Agency; and United States Department
of Justice,

                              *Defendants.*

**SUMMONS**
**IN A CIVIL ACTION**

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You must file your answer or motion with the court.

*CLERK OF COURT*

DATE: _____                    _____

                                             *Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández Güereca, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrian Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.<br><br><br><br>**SUMMONS<br>IN A CIVIL ACTION** |
| *Plaintiffs,* | | |
| *vs.* | | |
| THE UNITED STATES OF AMERICA; Unknown Named Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice, | | |
| *Defendants.* | | |

TO:   **THE UNITED STATES OF AMERICA; UNKNOWN NAMED AGENTS OF THE UNITED STATES BORDER PATROL; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION; UNITED STATES BORDER PATROL; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY; AND UNITED STATES DEPARTMENT OF JUSTICE:**

Vernell Everett
Civil Process Clerk
Office of the United States Attorney, Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day
you received it)—or 60 days if you are the United States or a United States
agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12(a)(2) or (3)—you must serve on the plaintiff an answer to the attached
complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.
The answer or motion must be served on the plaintiff or the plaintiff's attorney,
whose names and addresses are:

ROBERT C. HILLIARD, ESQUIRE
FEDERAL I.D. NO. 5912
HILLIARD, MUÑOZ & GONZALES, L.L.P.
719 SOUTH SHORELINE, SUITE 500
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 882-1612
FACSIMILE: (361) 882-3015
EMAIL: BOBH@HMGLAWFIRM.COM

CHRISTOBAL GALINDO, ESQUIRE
CRISTOBAL GALINDO, PC
4151 SOUTHWEST FREEWAY
SUITE 602
HOUSTON, TEXAS 77027
PHONE: (713) 228-3030
FACSIMILE: (713) 228-3003
EMAIL: CMG@GALINDOLAW.COM

If you fail to respond, judgment by default will be entered against you for
the relief demanded in the complaint.  You must file your answer or motion with
the court.

*CLERK OF COURT*

DATE: _____          _____
                                        *Signature of Clerk or Deputy Clerk*