**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| Jesus Hernández, individually and as the surviving father of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca; María Guadalupe Güereca Bentacour individually and as the surviving mother of Sergio Adrián Hernández Güereca, and as Successor-in-Interest to the Estate of Sergio Adrián Hernández Güereca, | § § § § § § § § § § § § | Civil Action No.<br><br>3:11-CV-00331-DB<br><br><br>**PLAINTIFFS'<br>THIRD AMENDED<br>COMPLAINT** |
| *Plaintiffs,* | § § | |
| *vs.* | § § § | |
| Ramiro Cordero; Scott A. Luck; Victor Manjarrez, Jr.; Jesus Mesa, Jr., aka Jesus Meza, Jr.; and Carla L. Provost, | § § § § | **Jury Trial Demanded** |
| *Defendants.* | § § | |

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

Plaintiffs, Jesus Hernández Güereca and María Guadalupe Güereca Bentacour (hereinafter "Plaintiffs"), individually as the surviving parents of Sergio Adrián Hernández Güereca (hereinafter "Decedent," "Sergio"), and as Successors-in-Interest to the Estate of Sergio Adrián Hernández Güereca, complain and allege as follows:

PRELIMINARY STATEMENT AND NATURE OF THE CASE

1.      Plaintiffs bring this action against Ramiro Cordero ("Cordero"); Scott A. Luck ("Luck"); Victor Manjarrez, Jr. ("Manjarrez"); Jesus Mesa, Jr., aka Jesus

Meza, Jr. ("Mesa"), and Carla A. Provost ("Provost"), employees of the United States of America, in their individual capacities, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of Plaintiff Decedent's individual constitutional rights guaranteed by the Fourth and Fifth Amendments of the United States Constitution as set forth herein.

2.     Defendant Jesus Mesa, Jr. used unlawful deadly force in shooting and killing Decedent on June 7, 2010, notwithstanding that Decedent was defenseless, was offering no resistance, had no weapon of any kind, and had not nor was threatening Mesa, or any third party, with harm, deadly or otherwise. Plaintiffs plead that, at all times relevant hereto, Mesa was an employee of the United States of America and, while acting within the course and scope or under the color of his agency with the United States, Mesa maliciously, and/or wrongfully, and/or otherwise tortuously shot Decedent Sergio Adrián Hernández Güereca even though he showed no resistance to the Agent's demands, thereby causing Sergio Adrián Hernández Güereca's untimely death.

3.     Defendants Ramiro Cordero, former United States Border Patrol Special Operations Supervisor, El Paso Sector; Scott A. Luck, United States Border Patrol, El Paso Sector; and Carla L. Provost, United States Border Patrol Deputy Chief Patrol Agent, El Paso Sector, through their own individual actions, violated Decedent's constitutional rights as guaranteed by the Fourth and Fifth Amendments by tolerating and condoning a pattern of brutality and excessive force by Border Patrol agents; systematically failing to properly and adequately

monitor and investigate incidents of brutality or supervise and discipline officers involved in such misconduct; creating an environment to shield agents from liability for their wrongful conduct; and inadequately training officers and agents regarding the appropriate use and restraint of their firearms as weapons. Defendants had actual and/or constructive knowledge that the conduct of their subordinate, Mesa, posed pervasive and unreasonable risk of constitutional injury to Decedent and their response to that knowledge was so inadequate as to show deliberate indifference or tacit authorization of alleged offensive practices. Defendants' failure to safeguard against constitutional transgressions by Mesa constitutes an actionable wrong under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny.

4.     Plaintiffs have/will effectuated service of process on Defendants in their individual capacities pursuant to Fed. R. Civ. P. 4(i)(2), by sending a copy of the summons and Third Amended Complaint via certified mail, return receipt requested, to the following:

> a.  Ramiro Cordero
>     2132 E. Glen Dr.
>     El Paso, Texas 79936-3862
>
> b.  Scott A. Luck
>     3700 Hueco Valley Dr. Apt 203
>     El Paso, Texas 79938-5410
>
> c.  Victor Manjarrez, Jr.
>     12325 Tierra Limpia Dr.
>     El Paso, Texas 79938-4501
>
> d.  Jesus Mesa, Jr.
>     C/O Randy Ortega
>     609 Myrtle, Suite 100
>     El Paso, Texas 79901

e. Carla Provost
   6390 Franklin View Dr.
   El Paso, Texas 79912-8147

## JURISDICTION

5.     The jurisdiction of this Court is based on 28 U.S.C. § 1331 and *Bivens v.*
*Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388
(1971), and its progeny.

## VENUE

6.     As more fully set forth herein, Plaintiffs contend that Defendant Mesa's
acts occurred on the United States side of the Rio Grande River in El Paso,
Texas, in El Paso County, located on the border of the United States and Ciudad
Juárez, Mexico.   Defendants Cordero, Luck, Manjarrez, and Provost's actions
and omissions occurred in El Paso, Texas.   Venue is proper in this Court
pursuant to 28 U.S.C. §§ 1391(b).

## CONDITIONS PRECEDENT

7.     All conditions precedent have been satisfied prior to filing this suit.

## PARTIES

8.     At all times relevant hereto, Plaintiff Jesus Hernández Güereca was, and
now is, a citizen of the Republic of Mexico.

9.     At all times relevant hereto, Plaintiff María Guadalupe Güereca Bentacour
was, and now is, a citizen of the Republic of Mexico.

10.     At all times relevant hereto, Decedent Sergio Adrián Hernández Güereca
was a citizen of the Republic of Mexico.

11.     At all times relevant hereto, Plaintiff Jesus Hernández Güereca

individually as the surviving father of Decedent, and as Successor-in-Interest to the Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the Decedent's pain and suffering.

12.     At all times relevant hereto, Plaintiff María Guadalupe Güereca Bentacour individually as the surviving mother of Decedent, and as Successor-in-Interest to the Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the Decedent's pain and suffering.

13.     At all times relevant hereto, Defendants Cordero, Luck, Mesa, and Provost were and/or are investigative or law enforcement officers for the United States Border Patrol, acting within the course and scope of their employment, or under the color of such employment, with the United States of America.

14.     Plaintiffs believe and thereupon allege that, at all times relevant hereto, Mesa was acting within the course and scope of his employment with the Defendant the United States of America and/or other Defendants on June 7, 2010, when Decedent was wrongfully shot to death.

15.     Plaintiffs believe and thereupon allege that, at all times relevant hereto, the United States Bureau of Customs and Border Protection was, and is, a subdivision of the United States Department of Homeland Security—a United States Federal Governmental entity with headquarters in Washington, D.C., and various branch offices throughout the country including this judicial district.

### GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

16.     Monday, June 7, 2010 reached a high of 109 degrees in El Paso, Texas. Sergio Adrián Hernández Güereca was spending the last few minutes of the day together with his friends in the all-but-dry cement culvert separating the sister countries of Mexico and the United States.  Similar to the Native American Indian game "counting coup," Sergio and his friends would physically run up and touch the barbed-wire United States high fence, and then scamper back down the incline.  They had no interest in entering the United States.  Rather, in a scene as old as time, a group of young boys were simply ending their day laughing and playing under the gathering clouds of a evening summer thunderstorm, before heading back home for dinner and bed.

17.     Suddenly, a United States Border Agent, Jesus Mesa, Jr., aka Jesus Meza, Jr., emerged on his bicycle and detained one of the individuals, dragging the young boy along the concrete. Sergio retreated and stood still beneath the pillars of the Paso del Norte Bridge, observing.  US Border Patrol Agent Jesus Mesa, Jr., aka Jesus Meza, Jr., then stopped, pointed his weapon across the border, seemingly taking careful aim, and squeezed the trigger at least twice, fatally wounding Sergio with at least one gunshot wound to the face.  Sergio, who had been standing safely and legally on his native soil of Mexico, unarmed and unthreatening, lay dead on his back in his blue jeans and sneakers.  He was fifteen years old.

18.     More US Border Patrol agents arrived briefly, the shooter, Agent Jesus Mesa, Jr., aka Jesus Meza, Jr., picked up his bicycle, and then they all left. No one took any action to render emergency medical aid to Sergio, leaving him dead

or dying beneath Paso del Norte Bridge in the Territory of Mexico. Shortly thereafter, Mexican police arrived on scene and pronounced Sergio dead.

19. Almost immediately, FBI spokeswoman Andrea Simmons, prior to discovering the existence of a disturbing video depicting much of the event, issued a false and reprehensible cover-up statement:

> "This agent, who had the second subject detained on the ground, gave verbal commands to the remaining subjects to stop and retreat. However, the subjects surrounded the agent and continued to throw rocks at him. The agent then fired his service weapon several times, striking one subject who later died."

20. This litigation arises from the acts and omissions of the named Defendants acting in concert in their individual capacities, as appropriately pled herein.

21. Plaintiffs further contend that Defendants are individually, jointly, and severally liable for those violations of Decedent's constitutional rights, referenced above and below, in that Defendants have:

> (1)    tolerated, condoned, and encouraged a pattern of brutality and use of excessive force by members of the United States Department of Homeland Security, United States Bureau of Customs and Border Protection, United States Border Patrol, United States Immigration and Customs Enforcement Agency, and/or United States Department of Justice against citizens from Mexico and Central or South America;
>
> (2)    systematically failed to properly and adequately monitor and investigate such incidents and to supervise and discipline the

officers involved;

    (3)    created an environment and culture in which officers and agents are encouraged to shield the misconduct of fellow officers, whereby officers and agents believe they can violate without legal consequence and with impunity the rights of persons such as Decedent;

    (4)    inadequately trained officers and agents regarding the proper restraint and use of firearms as weapons; and

    (5)    inadequately elected, trained, monitored, and supervised officers and agents.

### FIRST CLAIM FOR RELIEF:
### ADOPTION OF POLICIES THAT
### VIOLATED DECEDENT'S FOURTH AND FIFTH AMENDMENT RIGHTS

22.    Plaintiffs repeat and incorporate above paragraphs 1 through 21 inclusive, as though fully set forth in this paragraph 22.

23.    Plaintiffs allege that, at all times relevant hereto, Defendants Cordero, Luck, Manjarrez, and Provost, while acting in their respective official capacities, exercised supervision and control over Defendant Mesa.  Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

24.    Plaintiffs allege that such supervisorial Defendants, acting in their respective individual capacities, were authorized final policy-makers.  In such capacities, they adopted, acquiesced to, or ratified official customs, policies, procedures, and decisions, including training programs, which they knew, or

8

should have known, were inadequate regarding the use of deadly force. The inadequacy of such official customs, policies, procedures, and decisions, including training programs, directly and proximately caused Defendant Mesa to use unreasonable, unconstitutional, and excessive force, i.e. deadly force, in effecting the arrest of Decedent.  The use of such force deprived Decedent of his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure.  The inadequacy of such customs, policies, procedures, and decisions, including training programs, manifested a deliberate indifference to the protection of Decedent's constitutional rights and was the moving force, which resulted in the deprivation of Decedent's constitutional rights.

25.   As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

### SECOND CLAIM FOR RELIEF:
### FAILURE TO ADOPT POLICIES WHICH RESULTED IN THE VIOLATION OF DECEDENT'S FOURTH AND FIFTH AMENDMENT RIGHTS

26.   Plaintiffs repeat and incorporate above paragraphs 1 through 22, inclusive, as though fully set forth in this paragraph 26.

27.   Plaintiffs allege that, at all times relevant hereto, Defendants Cordero, Luck, Manjarrez, and Provost, while acting in their respective official capacities, exercised supervision and control over Defendant Mesa.  Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

28.   Plaintiffs allege that such supervisorial Defendants, acting in their

respective individual capacities, were authorized final policy-makers who failed to adopt or ratify official customs, policies, procedures, and decisions, including training programs, regarding the use of reasonable force in effecting arrests. Such failure directly and proximately caused Defendant Mesa to use unreasonable, unconstitutional, and excessive force, i.e. deadly force, in effecting the arrest of Decedent.  The use of such force deprived Decedent of his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure. The failure to adopt such customs, policies, procedures, and decisions, including training programs, directly and proximately resulted in Decedent being shot by Defendant Mesa.  The failure to adopt such customs, policies, procedures, and decisions, including training programs, manifested a deliberate indifference to the protection of Decedent's constitutional rights and was the moving force, which resulted in the deprivation of Decedent's constitutional rights.

29.    As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

### THIRD CLAIM FOR RELIEF:
### VIOLATION OF FOURTH AND FIFTH AMENDMENT RIGHTS BY
### JESUS MESA, JR., AKA JESUS MEZA, JR.

30.    Plaintiffs repeat and incorporate above paragraphs 1 through 22, inclusive, as though fully set forth in this paragraph 30.

31.    Plaintiffs allege that Defendant Mesa shot Decedent on June 7, 2010, while acting individually under color of law as an employee of the United States of America, United States Department of Homeland Security, United States

Bureau of Customs and Border Protection, United States Border Patrol, United States Immigration and Customs Enforcement Agency, and/or United States Department of Justice while attempting to apprehend him in El Paso, Texas on suspicion of illegal entry into the United States.

32.    Plaintiffs allege that in shooting Decedent, Mesa acted unreasonably by using excessive, deadly force against Decedent in violation of the Fourth and Fifth Amendments of the United States Constitution.  At the time of the shooting, Decedent was unarmed and presented no physical threat to Mesa.

33.    Plaintiffs allege that Mesa's shooting of Decedent evidences Mesa'a callous disregard for, and deliberate indifference to, Decedent's constitutional rights.

34.    As a direct and proximate result of the acts or omissions of Mesa, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

WHEREFORE, Plaintiffs pray for judgment against all named and unnamed Defendants as follows:

A.    Damages as allowed on each Claim for Relief in an amount according to proof at the time of trial;

B.    All together with any interest, pre-and-post judgment, costs and disbursements; and

C.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Robert C. Hilliard

Robert C. Hilliard
State Bar No. 09677700
Federal ID No. 5912
719 S. Shoreline Boulevard
Suite 500
Corpus Christi, Texas 78401
Telephone:   (361) 882-1612
Facsimile:    (361) 882-3015
Email:         bobh@hmglawfirm.com


**OF COUNSEL**
**HILLIARD MUNOZ GONZALES, LLP**


    **ATTORNEY IN CHARGE FOR PLAINTIFFS, JESUS HERNÁNDEZ GÜERECA, INDIVIDUALLY AND AS THE SURVIVING FATHER OF SERGIO ADRIÁN HERNÁNDEZ GÜERECA, AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF SERGIO ADRIAN HERNÁNDEZ GÜERECA; MARÍA GUADALUPE GÜERECA BENTACOUR INDIVIDUALLY AND AS THE SURVIVING MOTHER OF SERGIO ADRIÁN HERNÁNDEZ GÜERECA, AND AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF SERGIO ADRIÁN HERNÁNDEZ GÜERECA**


Christobal Galindo
State Bar No. 24026128
Federal ID No.24026128
41515 Southwest Freeway
Suite 602
Houston, Texas 77027
Phone:          (713) 228-3030
Facsimile:      (713) 228-3003
Email:           cmg@galindolaw.com

## CERTIFICATE OF SERVICE

On August 22, 2011, I certify that a copy of the above and foregoing was served on all counsel of record identified below in accordance with the Federal Rules of Civil Procedure.

By: /s/ Robert C. Hilliard
Robert C. Hilliard

Randolph J. Ortega
609 Myrtle, Suite 100
El Paso, Texas, 79901
Telephone: (915) 542-1883
Fax (915) 542-3500
*Attorney for Jesus Mesa, Jr a/k/a Jesus Meza, Jr.*

13